NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2408
_____

UNITED STATES OF AMERICA

v.

WILLIAM JOHNSON,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-05-cr-00779-001)
District Judge:  Honorable Joseph E. Irenas
_____

Submitted Under Third Circuit LAR 34.1(a)
September 21, 2012

Before:  SLOVITER, RENDELL, and HARDIMAN, *Circuit Judges*.

(Filed: September 24, 2012)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

      William Johnson appeals the District Court's judgment of sentence imposed for

violating the terms of his supervised release.  We will affirm.

## I

Because we write for the parties, who are well acquainted with the case, we recite only the essential facts and procedural history.

At the age of fourteen, William Johnson embarked on a prolific criminal career, which includes, *inter alia*, convictions for rape, burglary, assault, resisting arrest, and criminal trespass. In 2005, he pleaded guilty pursuant to a plea agreement to possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and (2). He was sentenced at the bottom of his applicable Guidelines range and received 63 months' imprisonment and five years of supervised release.

In 2009, Johnson began serving his term of supervised release. Although Johnson initially did well, in 2012 he pleaded guilty to a Grade C violation for failing to report to his probation officer. After calculating Johnson's advisory Guidelines range as eight to fourteen months, the District Court revoked Johnson's supervised release and sentenced him to six months' imprisonment and one year of supervised release. Johnson filed this timely appeal.

## II

We review a sentence imposed for violation of supervised release under the familiar reasonableness standard. *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). Procedural reasonableness requires "the sentencing court [to] give 'rational and meaningful consideration' to the relevant [18 U.S.C.] § 3553(a) factors." *United States v.*

*Doe*, 617 F.3d 766, 769 (3d Cir. 2010) (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)).  "Substantive reasonableness inquires into 'whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors.'"  *Id.* at 770 (quoting *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006)).

Johnson first argues that his sentence is procedurally flawed because the District Court failed to address circumstances bearing on relevant § 3553(a) factors, including his initial compliance with supervised release and his employment history, and declined to impose the sentence of house arrest that Johnson requested.  We disagree.  The sentencing transcript indicates that the District Court gave rational and meaningful consideration to all relevant § 3553(a) factors and explored the possibility of house arrest.  For example, the District Court noted that Johnson "took advantage of certain programs" and that "at least somewhere lurking in Mr. Johnson is the ability to conform to societal norms."  But while the Court expressed a willingness "to accommodate" these mitigating factors, it also found that Johnson's behavior went "to the very core and seriousness as to what supervised release is all about."  With that in mind, the District Court imposed a sentence designed to "sort of nudge [Johnson] along on the right path and give him whatever help that Probation is capable of giving him."

Nor do we find any merit in Johnson's claim that his sentence was substantively unreasonable because the District Court failed to fashion an "individualized" and

3

"minimally sufficient" punishment. While the District Court could have imposed up to two years' imprisonment, it tailored the sentence to Johnson, giving him "credit for the fact that at least for more than two-and-a-half years and in . . . defiance of the odds, he did a very good job on supervised release." A six-month prison term was reasonable because—as the District Court pointed out—Johnson's offense "cut to the heart of what supervised release is all about" as "supervised release just at the end of the day fails if the person doesn't show up." Accordingly, we cannot say that "no reasonable sentencing court would have imposed the same sentence on [Johnson] for the reasons the [D]istrict [C]ourt provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

Because the District Court's sentence was both procedurally and substantively sound, we will affirm the judgment of sentence in its entirety.